IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-16-KS

| | |
|---|---|
| MARTRIANA HATLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN O'MALLEY, Commissioner )<br>of Social Security Administration,[1] )<br>)<br>Defendant. ) | **ORDER** |

This matter is before the court for judicial review pursuant to 42 U.S.C. § 405(g) of a final administrative decision denying Plaintiff's application for disability insurance benefits ("DIB"), the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). The parties have fully briefed the matter pursuant to the Supplemental Rules for Social Security Actions and presented their positions to the court at oral argument. The matter is, therefore, ripe for decision. Having carefully reviewed the administrative record and the parties' filings, the court remands the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

---

[1] On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is substituted as the defendant.

## STATEMENT OF THE CASE

Plaintiff applied for DIB on January 14, 2020, with an alleged onset date of June 27, 2019. (R. 15, 199–202.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 15, 62, 76, 112–13.) A telephonic hearing was held on May 25, 2022, before Administrative Law Judge ("ALJ") Wanda L. Wright, who issued an unfavorable ruling on September 9, 2022. (R. 12–61.) On November 8, 2022, the Appeals Council denied Plaintiff's request for review. (R. 1–6.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. On January 12, 2023, Plaintiff filed the instant civil action, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405.

## DISCUSSION

I.    **Standard of Review**

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations

omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*. In making this determination, the ALJ must decide "whether the claimant is able to perform

3

other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015).

### III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). As a preliminary matter, the ALJ found Plaintiff meets the insured status requirements of the Act through March 31, 2029. (R. 17.) At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since her alleged onset date of June 27, 2019. (*Id.*) Next, the ALJ determined Plaintiff has the severe impairments of congestive heart failure, coronary artery disease, joint arthralgias, diabetes mellitus, retinopathy, glaucoma, dry eyes, hypertension, and osteoporosis. (*Id.*)

At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 18.) The ALJ expressly considered Listings 1.15, 1.18, 2.02, 2.03, 4.02, and 4.04 and also considered Plaintiff's diabetes for equivalency purposes. (R. 18–19.)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff has

the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except never climb ladders, ropes or scaffolds; avoid concentrated exposure to extreme heat; avoid concentrated exposure to pulmonary irritants such as fumes, odors, dust, gases, and poorly ventilated areas; avoid concentrated exposure to unprotected heights, moving machinery, and hazardous machinery; no work with objects smaller than twelve point type; and can perform tasks with frequent peripheral acuity bilaterally.

(R. 19.) In making this assessment, the ALJ stated that she considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. § 404.1529 and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017), and found Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms "not entirely consistent with the medical evidence and other evidence in the record." (R. 20.) At step four, the ALJ concluded that Plaintiff can perform past relevant work as a benefits representative (DOT #205.567-010), policy holder customer service representative (DOT #249.262-0101), and accounts receivable clerk (DOT #216.482-010). (R. 25.) The ALJ concluded that Plaintiff has not been disabled under the Act since June 27, 2019, Plaintiff's alleged onset date. (*Id.*)

IV. Plaintiff's Argument

Plaintiff argues that the ALJ erred by failing to account for Plaintiff's need to elevate her legs in the RFC. (Pl.'s Br. [DE #15] at 4–10; Pl.'s Reply [DE #17.]) For the reasons explained below, the court finds the ALJ's decision insufficient to permit meaningful review and therefore remands the case to the Commissioner for further consideration.

The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" despite impairments and related symptoms. SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996); *see also* 20 C.F.R. § 404.1545(a)(1). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96–8p, 1996 WL 374184, at *1. In assessing an individual's RFC, the ALJ considers an individual's ability to meet the physical, mental, sensory, and other requirements of work. 20 C.F.R. § 404.1545(a)(4). It is based upon all relevant evidence, which may include the claimant's own description of limitations from alleged symptoms. SSR 96–8p, 1996 WL 374184, at *5; 20 C.F.R. § 404.1545(a)(3). If necessary, an ALJ must "explain how any material inconsistences or ambiguities in the evidence were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7. In fulfilling the obligation to consider all relevant evidence, an ALJ "cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)).

An ALJ must "include a narrative discussion describing how the evidence supports each conclusion" in the RFC. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Mascio*, 780 F.3d at 636). The ALJ must specifically explain how certain pieces of evidence support particular conclusions and "discuss[ ] . . . which evidence the ALJ found credible and why." *Monroe*, 826 F.3d at 189 (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The Fourth Circuit has interpreted this

6

to require an ALJ to "build an accurate and logical bridge from the evidence to his conclusion." *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also Arakas v. Comm'r of SSA*, 983 F.3d 83, 95 (4th Cir. 2020). ALJs must explain their RFC findings regarding contested functional abilities when conducting the required function-by-function analysis. *See Dowling v. Comm'r of SSA*, 986 F.3d 377, 388–89 (4th Cir. 2021).

"[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion . . . . [M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). Simply put, this means an ALJ must "[s]how his work." *Patterson v. Comm'r of SSA*, 846 F.3d 656, 663 (4th Cir. 2017) (applying same principle to an ALJ's listing analysis). Such analysis—"[h]armonizing conflicting evidence and bolstering inconclusive findings," *Patterson*, 846 F.3d at 662—is a "necessary predicate" to determining whether substantial evidence supports the Commissioner's findings, *Monroe*, 826 F.3d at 189 (quoting *Radford*, 734 F.3d at 295). Where a court is "left to guess about how the ALJ arrived at his conclusions on [a claimant's] ability to perform relevant functions . . . , remand is necessary." *Mascio*, 780 F.3d at 637.

ALJ Wright noted a few of the treatment records indicating swelling in Plaintiff's legs (R. 22) and found the opinions of Dr. Andrew P. Milner, D.P.M., from February and March 2019 regarding Plaintiff's leg-elevation needs to be unpersuasive (R. 24). ALJ Wright explained that she found Dr. Milner's medical

7

opinions unpersuasive because (i) none of Dr. Milner's exams of Plaintiff showed swelling; (ii) Dr. Milner's exams showed normal strength and gait; (iii) the opinion was offered before the period at issue; and (iv) evidence after the period at issue showed only mild or no edema, no gait abnormality, benign monofilament exams, and no knee instability. (*Id.*) Aside from these remarks, ALJ Wright did not further explain why she did not include a leg-elevation accommodation in the RFC nor did she conduct a functional assessment regarding Plaintiff's ability to use her legs. (R. 19–25.)

Plaintiff contends that the record is full of evidence tending to show that she experiences persistent swelling in her legs and has been advised to elevate her legs. (Pl.'s Br. at 4–7 (citing R. 347–49, 362, 364, 460–64, 467, 470–71, 474, 814, 820–21, 828, 830, 834, 838, 842, 848, 850, 857, 861, 866–70).) In light of this evidence, Plaintiff argues the ALJ should have explained why no corresponding accommodation was included in the RFC assessment and committed reversible error by failing to conduct a functional assessment of Plaintiff's leg. (Pl.'s Br. at 7–9.) Plaintiff also notes that ALJ Wright mischaracterized evidence in Dr. Milner's opinions, thereby infecting the ALJ's assessment of these opinions. (Pl.'s Reply at 2 (noting that Dr. Milner's notes showed foot swelling and tenderness).)

While expressing no opinion as to what the functional impacts of Plaintiff's leg edema are, the court is not able to trace the ALJ's reasoning in this regard. Plaintiff correctly notes that the record contains significant evidence of leg edema and recommendations from medical providers for Plaintiff to elevate her legs. Thus, this

8

is a contested function that warrants express discussion from the ALJ. *See Dowling*, 986 F.3d at 388–89. That some of this evidence pre-dates the period at issue does not necessarily make it irrelevant. *See Cotton v. Colvin*, No. 5:14-CV-425-FL, 2015 WL 5714912, at *3 (E.D.N.C. Sept. 29, 2015) ("Where evidence predating the alleged date of disability is made part of the record, the regulations require the Commissioner to consider that evidence." (first citing 20 C.F.R. § 404.1520(a)(3); and then citing *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005))). Furthermore, in discrediting Dr. Milner's February and March 2019 opinions, ALJ Wright incorrectly stated that Dr. Milner's exams associated with these opinions showed no swelling. (*Compare* R. 24 *with* R. 460, 462.) Given these deficiencies, there is insufficient analysis from the ALJ to permit meaningful review. Accordingly, remand to the Commissioner is necessary. *See Arakas*, 983 F.3d at 95; *Mascio*, 780 F.3d at 637.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is REVERSED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

This 16th day of January 2024.

_____
KIMBERLY A. SWANK
United States Magistrate Judge